OPINION OF THE COURT
William H. Intemann, Jr., J.
This is a proceeding pursuant to CPLR article 78 which was *730 initiated by the petition of Renia Allison, verified October 23, 1986. Respondents’ answer, dated November 13, 1986, was received by this court on November 18, 1986. Petitioner’s reply dated November 21, 1986 was received by this court on November 24, 1986.
This proceeding concerns an incident which occurred at the Clinton Correctional Facility on June 13, 1986. An inmate misbehavior report dated June 13, 1986 by Correction Officer Scott Foster, a copy of which was served upon the petitioner on June 14, 1986 alleged that petitioner violated rule 100.10, assault, and rule 106.10, refusal to obey a direct order. A Superintendent’s hearing commenced on June 19, 1986 and was concluded on July 2, 1986 with a finding that petitioner was guilty of both charges.
Petitioner raises two due process claims concerning the conduct of the hearing. The first claim is that petitioner’s request that an unusual incident report be included as evidence at the hearing was improperly denied. The second was that the petitioner was improperly denied the right to have specific questions addressed to Correction Officer Scott Foster, by the Hearing Officer, concerning the force allegedly used by Officer Foster to subdue the petitioner at the time of the incident.
The initial contact between petitioner and Officer Foster occurred when Officer Foster told petitioner to stop talking with another inmate. Apparently petitioner did stop, but then subsequently resumed talking or otherwise communicating with another inmate, in violation of an order of Officer Foster not to do so. As a result, Officer Foster directed the petitioner to proceed to his company. The petitioner did proceed to his company, followed by Officer Foster, and when the two were alone, an altercation broke out between them. Each claims that it was the other who instituted the fighting which ensued, and each had a full opportunity to present his version of the incident at the hearing. There was also extensive testimony as to the injuries received by petitioner as a result of the incident. There was also conflicting testimony as to whether or not petitioner was at any time during the altercation struck in the back of the head by Officer Foster or anyone else. Numerous other officers testified at the hearing as to what took place after petitioner had been subdued by Officer Foster. However, none of the other witnesses testifying had witnessed the actual altercation itself.
*731 It is apparently standard policy in the correction system that an unusual incident report is prepared whenever physical force is used against an inmate. The report is required to contain great detail concerning the incident in question, as is set forth in the directive of the Department of Correctional Services dated February 21, 1979.
It is apparently undisputed that an unusual incident report was prepared concerning the incident in question. Furthermore, respondents have conceded that the unusual incident report is not confidential, and that at least a redacted version can be obtained under the Freedom of Information Law. Respondents also concede that the unusual incident report requested by the petitioner was not before the Hearing Officer nor considered by him in any respect in this proceeding.
The reason set forth by the Hearing Officer at the hearing, and by the respondents in their answer, for denial of production of the unusual incident report, is solely that all of the persons who contributed to the report were called to testify at the hearing. Respondents thereby infer that introduction of the document requested would be redundant or not relevant. Respondents further argue that since the issue before the Hearing Officer was one of credibility, this gave the Hearing Officer the right to deny the report on that ground.
This court does not agree. 7 NYCRR 254.6 (c) specifically provides that an inmate shall be allowed to submit relevant documentary evidence at the hearing. That section is in compliance with the Supreme Court decision in Wolff v McDonnell (418 US 539). The unusual incident report, by its very nature, is a comprehensive account of the entire incident in question, including the events leading up to it, the actual incident itself, and the results thereof, including the force used to subdue the inmate and the injuries received by the participants. Almost all of the testimony at the hearing dealt specifically with the issues covered by the unusual incident report. Although the authors of the report were called to testify at the hearing, it is entirely possible that the statements of the witnesses, as set forth in the unusual incident report, would differ from the testimony presented at the hearing. Since the issue at the hearing was one of credibility, the introduction into evidence at the hearing of the report requested could have been extremely helpful to the Hearing Officer in resolving the issue. In any event, certainly no reason has been shown whatsoever why petitioner should not *732 have been entitled to have the requested document introduced in evidence.
This court, therefore, finds that petitioner’s due process rights were violated by the failure to permit the introduction at the hearing of the unusual incident report as requested by petitioner, and that, therefore, the determination made as a result of the hearing should be annulled. This court does not reach the second contention of the petitioner. Presumably, if a new hearing is held, and the unusual incident report is introduced into evidence, it will shed considerable light on how the petitioner was subdued.
It is, therefore, the decision of this court, and it is hereby ordered that the determination of the Commissioner herein is annulled, without costs, and the matter remitted to the respondents for purposes of a new hearing.